UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE A MCCOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01108-TWP-TAB |
| ) | |
| SUPERINTENDENT, Plainfield Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

**ENTRY ON PENDING MOTIONS**

This is an action brought by an Indiana prisoner who seeks *habeas corpus* relief with respect to a prison disciplinary proceeding. The matter is before the Court on Petitioner Maurice A. McCoy's ("Mr. McCoy") Motion for Evidentiary Hearing (Dkt. 23), Motion for Discovery (Dkt. 24), Motion for Public Attorney (Dkt. 25), and Objection on Order Permitting Filing Under Seal (Dkt. 28). In particular, Mr. McCoy objects to the Superintendent's submission of a prison surveillance video under seal. The content of this video was considered by the disciplinary hearing officer. See Dkt. 17-3. The Court has reviewed the video and its contents are consistent with the summary reported in the disciplinary hearing record. *Id.*

Mr. McCoy's motions reveal a misunderstanding about the scope of a federal court's *habeas* review in these circumstances as he seeks *de novo* review of the evidence which was, or which he contends should have been, considered at the disciplinary hearing. That form of review is neither authorized nor proper here. In fact, in reviewing the disciplinary decision "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride,* 188 F.3d

784, 786 (7th Cir. 1999).  "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."  *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-56 (1985). (emphasis added).

First, the motion for a hearing on the motion for leave to submit video under seal (Dkt. 23) is **denied.**  An evidentiary hearing is only necessary when a more extensive factual record must be compiled to decide an issue.  *See Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here.  Even through Mr. McCoy is no longer housed at the Branchville Correctional Facility, legitimate security concerns which persist. Therefore the Court will not allow Mr. McCoy to view the video. Mr. McCoy was appropriately notified regarding what the video revealed and the Court has confirmed that the summary of the video in the disciplinary record is consistent with the video itself. Mr. McCoy's objection to the order permitting the filing of the video under seal (Dkt. 28) is **overruled**.  The magistrate judge's decision was correct.

Second, there is no basis on which to produce additional records and materials, whether considered by the hearing officer or not.  Mr. McCoy has not established good cause to conduct discovery. *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). Accordingly, the motion for discovery (Dkt. 24) is **denied.**

Finally, the Court has considered Mr. McCoy's motion to appoint counsel. The Sixth Amendment right to counsel does not apply in *habeas corpus* actions.  *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991).  However, a district court does have the authority to appoint counsel to represent a *habeas* petitioner whenever it "determines that the interests of justice so require. . . ."  18 U.S.C. ' 3006A(a)(2)(B).  Whether to appoint counsel is

committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that Mr. McCoy's claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to Mr. McCoy's *pro se* status will be made and that Mr. McCoy has at least thus far demonstrated exceptional ability to express and present his claims. In addition, this action is now fully briefed. These are not circumstances in which it is in the interest of justice to appoint counsel for Mr. McCoy, and for this reason his motion for appointment of counsel (Dkt. 25) is **denied.**

## CONCLUSION

For the reasons stated above, Mr. McCoy's Motion for Evidentiary Hearing (Dkt. 23) is **DENIED**, his Objection on Order Permitting Filing Under Seal (Dkt. 28) is **OVERRULED**, his Motion for Discovery (Dkt. 24) is **DENIED,** and his Motion for Public Attorney (Dkt. 25) is **DENIED.**.

**SO ORDERED.**

Date: 10/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Maurice A. McCoy, #227924
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
Plainfield, Indiana  46168

Kathy Jo Bradley
OFFICE OF THE ATTORNEY GENERAL
kathy.bradley@atg.in.gov