UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE A MCCOY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01108-TWP-TAB |
| | ) |
| SUPERINTENDENT Plainfield Correctional Facility, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Maurice A. McCoy's petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. BTC 13-02-0041. For the reasons explained in this Entry, Mr. McCoy's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. McCoy was found guilty of assault/battery in violation of prison rules. The sanctions imposed included the deprivation of earned credit time and a credit class demotion. Consistent with *Wolff* and *Hill,* Mr. McCoy received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. McCoy was given the opportunity to appear before the disciplinary hearing officer and make a statement concerning the charge, (2) the disciplinary hearing officer issued a sufficient statement of his findings, and (3) the disciplinary hearing officer issued a written reason for his decision and for the sanctions imposed. The evidence supporting the finding that Mr. McCoy committed an assault/battery includes the conduct report, witness statements and video. The conduct report, witness statement and video reflect that Aramark Supervisor Patton retrieved Mr. McCoy's I.D. and went to the ODR room to write a conduct report. As Patton was leaving the ODR room, Mr. McCoy was on the other side of the door asking to speak with R. Smith. [R. Smith is an Aramark Supervisor] Patton told Mr. McCoy to "leave it alone." Mr. McCoy then pushed his right shoulder against Patton trying to gain access to the ODR room. Patton told Mr. McCoy to back up four times. Mr. McCoy would not comply, so Mr. McCoy pushed his way out of the ODR room so he could close the door.

### C. Analysis

Mr. McCoy complains that certain forms in his disciplinary record are incomplete and that his disciplinary hearing occurred before a hearing officer and not a board. Unfortunately, for

Mr. McCoy, due process does not require that forms be completely filled out or a hearing before a multi-person board.

To the extent Mr. McCoy challenges the sufficiency of the evidence, that challenge is rejected. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Class B offense #212 of the Disciplinary Code for Adult Offenders ("ADP") is described as "committing a battery/assault upon another person without a weapon or inflicting bodily injury" (Dkt. 17-6 at p. 6). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report, R. Smith's statement and video that Mr. McCoy pushed his right shoulder into D. Patton in an attempt to gain access to the ODR room. This is "some evidence" that Mr. McCoy committed a battery/assault. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

In addition, due process requires that a prisoner be allowed to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals. *Wolff,* 418 U.S. at 566. Mr. McCoy complains that an unidentified officer in the vicinity of the incident should have been identified and called upon to provide a witness statement. But it is Mr. McCoy's responsibility to identify individuals to testify on his behalf and he was unable to do so. Similarly, Mr. McCoy is not entitled to view the video. Unlike a criminal defendant, a prisoner has no right to confront adverse witnesses or evidence at a disciplinary hearing. *Wolff,* 418 U.S.

at 568; *see also White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (prisoner had no due process right to view videotape that the disciplinary board considered).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. McCoy to the relief he seeks. Accordingly, Mr. McCoy's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/11/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MAURICE A MCCOY
DOC # 227924
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel